---

**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

<u>Southern</u>          District of <u>Texas</u>
                          (State)

Case number (*if known*): _____ Chapter <u>11</u>

☐ Check if this is an
   amended filing

---

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/22

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Instant Brands Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years** | Double Insight Inc. |
| | Include any assumed names, trade names, and *doing business as* names | |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 98-1038272 |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| 3025    Highland Parkway | |
| Number    Street | Number        Street |
| Suite 700 | |
| | P.O. Box |
| Downers Grove        IL        60515 | |
| City              State        ZIP Code | City              State        ZIP Code |
| | **Location of principal assets, if different from principal place of business** |
| DuPage | |
| County | |
| | Number        Street |
| | |
| | City              State        ZIP Code |

5. **Debtor's website** (URL)        https://corporate.instantbrands.com/

| Debtor | Instant Brands Inc. | Case number (if known) |
|---|---|---|
| | Name | |

**6.  Type of debtor**

☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

<u>3</u>  <u>2</u>  <u>7</u>  <u>2</u>

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

A debtor who is a "small business debtor" must check the first sub-box. A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box.

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11. *Check all that apply*:

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725. If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1), its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000, **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

Debtor   Instant Brands Inc.
        _____
        Name

Case number *(if known)* _____

---

**9.** **Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.  District _____   When _____   Case number _____
                                          MM / DD / YYYY

        District _____   When _____   Case number _____
                                          MM / DD / YYYY

---

**10.** **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No

☒ Yes.  Debtor   See Schedule 1                Relationship   Affiliate

        District   Southern District of Texas    When   6/12/2023
                                                        MM / DD / YYYY

        Case number, if known  _____

---

**11.** **Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.** **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
                            Number        Street

                            _____

                            _____   _____
                            City                     State ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

      Contact name _____

      Phone _____

---

**Statistical and administrative information**

---

Debtor  Instant Brands Inc.
_____     Case number (if known)_____
        Name

---

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

---

**14. Estimated number of creditors**

(Consolidated for all Debtors)

| | | |
|---|---|---|
| ☐ 1-49 | ☒ 1,000-5,000 | ☐ 25,001-50,000 |
| ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| ☐ 200-999 | | |

---

**15. Estimated assets**

(Consolidated for all Debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

**16. Estimated liabilities**

(Consolidated for all Debtors)

| | | |
|---|---|---|
| ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
| ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

---

## Request for Relief, Declaration, and Signatures

**WARNING** --  Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  6/12/2023
             _____
             MM  / DD / YYYY

✘ */s/ Adam Hollerbach*
_____     Adam Hollerbach
Signature of authorized representative of debtor     _____
                                                     Printed name

Title  Chief Restructuring Officer
       _____

Debtor    Instant Brands Inc.                                          Case number *(if known)*_____
          Name

**18. Signature of attorney**      ✖ */s/ Charles A. Beckham, Jr.*      Date    6/12/2023
                                   Signature of attorney for debtor             MM  / DD  / YYYY

                                   Charles A. Beckham, Jr.
                                   Printed name
                                   Haynes and Boone, LLP
                                   Firm name
                                   1221 McKinney Street, Suite 4000
                                   Number      Street
                                   Houston                                TX        77010
                                   City                                   State     ZIP Code

                                   713-547-2000                           charles.beckham@haynesboone.com
                                   Contact phone                          Email address

                                   02016600                               TX
                                   Bar number                             State

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| | § | |
| In re: | § | Chapter 11 |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | Case No. 23-[_____] (___) |
| **HOLDINGS INC.**, *et al.*, | § | |
| | § | |
| Debtors. | § | (Joint Administration Requested) |
| | § | |

## SCHEDULE 1 TO PETITION

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "**Debtors**"), has filed or will file a petition for relief in the United States Bankruptcy Court for the Southern District of Texas Houston Division under chapter 11 of title 11 of the United States Code.  The Debtors have, substantially contemporaneously herewith, moved for joint administration of these cases for procedural purposes only under the case number assigned to the chapter 11 case of Instant Brands Acquisition Holdings Inc.

> Instant Brands (Texas) Inc.
> Instant Brands Acquisition Holdings Inc.
> Instant Brands Acquisition Intermediate Holdings Inc.
> Instant Brands Holdings Inc.
> URS-1 (Charleroi) LLC
> Instant Brands LLC
> URS-2 (Corning) LLC
> Corelle Brands (Latin America) LLC
> EKCO Group, LLC
> EKCO Housewares, Inc.
> EKCO Manufacturing of Ohio, Inc.
> Corelle Brands (Canada) Inc.
> Instant Brands (Canada) Holding Inc.
> Instant Brands Inc.
> Corelle Brands (GHC) LLC

**Omnibus Action by Unanimous Written Consent of the Governing Bodies**
**June 12, 2023**

The undersigned, being the sole member of, and/or all of the members of each of the boards of directors, managing members, managers or other governing bodies (each, a "**Governing Body**" and, collectively, the "**Governing Bodies**") of, each of the entities listed on **Exhibit A** hereto (each, an "**Entity**" and, collectively, the "**Entities**"), hereby take the following actions and adopt the following resolutions by written consent in accordance with the applicable bylaws or limited liability company agreements of each Entity and the applicable laws of the jurisdiction in which such Entity is organized:

WHEREAS, the Governing Bodies have reviewed and had the opportunity to ask questions about the materials presented by the management and the legal and financial advisors of the Entities regarding the liabilities and liquidity of each Entity, the strategic alternatives available, and the impact of the foregoing on the Entities' businesses;

WHEREAS, the Governing Bodies have had the opportunity to consult with the management and the legal and financial advisors of the Entities to fully consider each of the strategic alternatives available to the Entities;

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding the relative risks and benefits of pursuing cases under (a) the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") and (b) the *Companies' Creditors Arrangement Act* (Canada) (the "**CCAA**");

WHEREAS, the Governing Bodies have received, reviewed, and considered the recommendations of, and the materials presented by, the management and the legal and financial advisors of the Entities regarding (a) a superpriority debtor-in-possession asset-based revolving credit agreement (together with all exhibits, schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP ABL Credit Agreement**") and (b) a superpriority secured debtor-in-possession term loan credit agreement (together with all exhibits schedules, and annexes thereto, as amended, amended and restated, supplemented, or otherwise modified from time to time, the "**DIP Term Loan Credit Agreement**" and, together with the DIP ABL Credit Agreement, the "**DIP Credit Agreements**," and each, a "**DIP Credit Agreement**") for debtor-in-possession financing in form and substance substantially as proposed;

WHEREAS, the independent and disinterested directors for the Governing Bodies have reviewed the transactions related to the DIP Credit Agreements, including the proposed payment in full of the outstanding balance under the *Senior Secured Promissory Note* dated January 18, 2023 (as amended, the "**Prepetition Reimbursement Note**"), executed by Instant Brand Holdings, Inc. as payor in favor of Cornell Capital Partners LP and its affiliates ("**Cornell Capital**") as payees, and guaranteed by URS-1 (Charleroi) LLC and URS-2 (Corning) LLC, and have determined that the transactions are in the best interests of the Entities in furtherance of obtaining the liquidity and commitments contemplated by the DIP Credit Agreements (such payment of the Prepetition Reimbursement Note, the "**UnSub Payoff Event**");

WHEREAS, the Governing Bodies have reviewed with the management and the legal and financial advisors of the Entities the resolutions set forth below; and

WHEREAS, the Governing Bodies have (a) determined that taking the actions set forth below and the transactions contemplated hereby are advisable and fair to, and in the best interests of, the Entities and their stakeholders and, therefore, have (b) adopted the resolutions set forth below and authorized and approved the transactions, agreements, and actions contemplated hereby:

## I.   **Commencement of Chapter 11 Cases**

NOW, THEREFORE, BE IT RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that each Entity shall be, and hereby is, authorized to file, or cause to be filed, a petition seeking relief (each case, a "**Chapter 11 Case**" and, together, the "**Chapter 11 Cases**") under the provisions of chapter 11 of the Bankruptcy Code, and any other petition for relief or recognition or other order that may be desirable under applicable law in the United States;

RESOLVED, FURTHER, that each officer (including any Chief Restructuring Officer), director, or manager of each Entity (each, an "**Authorized Person**") is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the United States Bankruptcy Court for the Southern District of Texas (the "**Bankruptcy Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the Chapter 11 Cases, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all bankruptcy proceedings in the Bankruptcy Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to seek to have its Chapter 11 Case administered by the Bankruptcy Court under chapter 11 of the Bankruptcy Code.

## II.   **Appointment of Foreign Representative**

NOW, THEREFORE, BE IT RESOLVED, that Instant Brands Inc. is hereby appointed as foreign representative (the "**Foreign Representative**") for the purposes of any case commenced under the CCAA or any other proceeding in any forum where recognition of the Chapter 11 Cases is necessary and advisable; and

RESOLVED, FURTHER, that the Foreign Representative is hereby authorized, empowered, and directed , or failing it, any Authorized Person from time to time, without joinder of any other Authorized Person, to enter into, swear, affirm, execute, deliver, certify, file, or record, including with the CCAA Court (as defined below) or any applicable court with respect to any cases commenced under the CCAA or any other proceeding in any forum where recognition of the Chapter 11 Cases is necessary and advisable, and any related pleadings, affidavits, motions, applications, declarations, and other documentation that shall be or become necessary, proper, or desirable in connection with the Chapter 11 Cases or any other proceeding in any forum where recognition of the Chapter 11 Cases is necessary and advisable, and to take such actions as deemed appropriate in connection therewith.

## III.   <u>Commencement of CCAA Proceedings</u>

NOW, THEREFORE, BE IT RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders that the Foreign Representative, on behalf of each Entity shall be, and hereby is, authorized to file, or cause to be filed, an application seeking relief (a "**CCAA Proceeding**") under the provisions of the CCAA, and any other application for relief or recognition or other order that may be desirable under applicable law in Canada; and

RESOLVED, FURTHER, that the Foreign Representative and each Authorized Person is authorized, empowered, and directed to (a) execute and file in the name and on behalf of the applicable Entity, and under its corporate seal or otherwise, all plans, petitions, schedules, statements, motions, lists, applications, pleadings, orders, and other documents in the Ontario Superior Court (Commercial List) (the "**CCAA Court**"), (b) employ and retain all assistance by legal counsel, accountants, financial advisors, investment bankers, and other professionals, and (c) take and perform any and all further acts and deeds that the Foreign Representative or such Authorized Person, who may act without the joinder of any other Authorized Person, deems necessary, proper, or desirable in connection with the CCAA Proceedings, including (i) negotiating, executing, delivering, and performing under any and all documents, agreements, certificates, and instruments in connection with the transactions and professional retentions set forth in this resolution, (ii) appearing as necessary at all proceedings in the CCAA Court on behalf of the Entities, and (iii) paying all such expenses where necessary or appropriate in order to carry out fully the intent and accomplish the purposes of the resolutions adopted herein.

## IV.   <u>Retention of Advisors</u>

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Davis Polk & Wardwell LLP, located at 450 Lexington Avenue, New York, NY 10017, as counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Haynes and Boone, LLP, located at 1221 McKinney Street, Suite 4000, Houston, Texas 77010, as Texas counsel for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person and the Foreign Representative shall be, and hereby are, authorized, empowered, and directed on behalf of and in the name of each Entity to retain the law firm of Stikeman Elliott LLP, located at 5300 Commerce Court West, 199 Bay Street, Toronto, Ontario, Canada M5L 1B9, as Canadian counsel for the Entities in the Chapter 11 Cases and the CCAA Proceedings;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain AlixPartners, LLP, located at 909 Third Avenue, New York, NY 10022, as financial advisors for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Guggenheim Securities LLC, located at 330 Madison Avenue, New York, NY 10017, as investment banker for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval;

RESOLVED, FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed on behalf of and in the name of each Entity to retain Epiq Corporate Restructuring, LLC, located at 777 Third Avenue, 12th Floor, New York, New York 11017, as claims, noticing, solicitation, and administrative agent for the Entities in the Chapter 11 Cases, subject to Bankruptcy Court approval; and

RESOLVED, FURTHER, that each Authorized Person and the Foreign Representative shall be, and hereby are, authorized, empowered, and directed on behalf of and in the name of the Entities to retain any other legal counsel, accountants, financial advisors, restructuring advisors, or other professionals as the Authorized Persons or the Foreign Representative deem necessary, appropriate, or advisable; each of which, in addition to the foregoing firms, to represent and assist the Entities (including, for the avoidance of doubt, Instant Brands Inc., in its capacity as Foreign Representative) in carrying out their respective duties and responsibilities and exercising their respective rights under the Bankruptcy Code and the CCAA (including the law firms filing any pleadings or responses); and in connection therewith, the Authorized Persons and Foreign Representative be, and hereby are authorized, empowered, and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and cause to be filed appropriate applications for authority to retain such services and reimburse the fees and expenses incurred in connection with the Chapter 11 Cases and the CCAA Proceedings.

## V.    **DIP Credit Agreements and Use of Cash Collateral**

RESOLVED, that the Governing Bodies have determined, after due consultation with the management and the legal and financial advisors of the Entities, that it is desirable and in the best interests of each Entity and its stakeholders to (a) enter into the DIP ABL Credit Agreement and DIP Term Loan Credit Agreement, any other further documentation relating to each respective DIP Credit Agreement, and/or the other transaction documents (including, without limitation, pledge agreements, guarantee agreements, security agreements, intercreditor agreements, control agreements, promissory notes, mortgages, intellectual property security agreements, financing statements, swap agreements, collateral access agreements, acknowledgment letters, payoff letters,

fee letters, termination agreements, intellectual property release agreements, control agreement terminations, and other documents under which a security interest in the assets of an Entity is being created), and each other agreement, document or instrument required thereunder, collectively and together with each DIP Credit Agreement, and the other Loan Documents (as defined in each of the DIP ABL Credit Agreement and the DIP Term Loan Credit Agreement respectively; collectively, the "**DIP Loan Documents**") in the form and upon the terms and conditions as an Authorized Person may approve (such approval to be conclusively established by such Authorized Person's execution and delivery thereof), (b) perform the applicable Entity's obligations under the DIP Loan Documents, including payment of the fees and expenses related thereto, and take all actions in accordance therewith that any of the Authorized Persons may deem necessary or advisable to consummate the transactions contemplated thereby, and (c) obtain the benefits from the use of cash collateral (as such term is defined in section 363(a) of the Bankruptcy Code, the "**Cash Collateral**"), which is security for certain of the Entities' prepetition secured lenders under certain credit facilities by and among certain Entities and the lenders party thereto (the "**Prepetition Secured Parties**");

RESOLVED, FURTHER, that each Entity is hereby authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, together with the Entities' advisors, to (a) seek interim and final approval of the DIP Loan Documents and the use of Cash Collateral from the Bankruptcy Court and/or the CCAA Court pursuant to a DIP substantially on the terms presented to the Governing Body (the "**DIP Order**") and (b) take all actions (including negotiating and executing any agreements, documents, or certificates) necessary or advisable to implement the DIP Order, including (i) paying any fees and expenses related thereto, (ii) guarantying the obligations of the DIP loan parties under the DIP Loan Documents, (iii) providing for adequate protection to the Prepetition Secured Parties in accordance with section 363 of the Bankruptcy Code, (iv) granting superpriority status and first priority priming liens and perfected security interests in, and pledging, mortgaging, and granting deeds of trust with respect to, its right, title, and interest in and to its properties and assets, whether now owned or hereafter acquired, to the extent required to secure the obligations of the DIP loan parties under the DIP Loan Documents, with such changes therein and additions thereto as any Authorized Person executing the same may, in his or her absolute discretion, deem necessary or appropriate, the execution of the DIP Loan Documents and security documents to be conclusive evidence of the approval thereof, (v) executing and delivering any additional or further agreements, instruments, or documents for the use of Cash Collateral in connection with the Chapter 11 Cases and the CCAA Proceedings, which agreement(s) may require the Entities to grant adequate protection and security interests to the Prepetition Secured Parties, with such changes therein and additions thereto as any Authorized Person executing the same may in his or her absolute discretion deem necessary or appropriate, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (vi) consummating the UnSub Payoff Event as a condition precedent to obtaining funding under the DIP Credit Agreements, and (vii) consummating the transactions contemplated by the foregoing, including incurring the obligations stated in connection therewith; and

RESOLVED, FURTHER, that each Entity is authorized, and each Authorized Person shall be and hereby is authorized, empowered, and directed on behalf of and in the name of each Entity, to (a) negotiate and agree to any changes to the DIP Order and DIP Loan Documents as he or she believes is appropriate and necessary under the circumstances in his or her reasonable judgment,

(b) execute and deliver any amendments, modifications, renewals, replacements, consolidations, substitutions, and extensions of each DIP Credit Agreement (including amendments increasing the amount of credit available under each DIP Credit Agreement and/or extending the maturity of the same), (c) cause the Entities to enter into, execute, deliver, certify, file and/or record, and perform under the DIP Loan Documents and such other documents, agreements, instruments, and certificates as may be required by the DIP Order or the DIP Loan Documents, and (d) do such other things that shall, in his or her absolute discretion, be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her execution thereof.

## VI.   Potential Sale Transactions

RESOLVED, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to file a motion with the Bankruptcy Court seeking approval of bidding procedures to facilitate a potential sale of all, substantially all, or a material portion of the Entities' assets pursuant to section 363 of the Bankruptcy Code (each, a "**Potential Sale Transactions**"), all substantially in accordance with any summary presented to the Governing Bodies, subject to such modifications thereto as such Authorized Person deems necessary or advisable in order to give effect to and carry out the general purposes of the Potential Sale Transaction as presented to each Governing Body;

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to conduct a further marketing process to identify Potential Sale Transactions with the assistance of the Companies' investment banker and other professional advisors and under the supervision of the Bankruptcy Court; and

RESOLVED FURTHER, that each Authorized Person shall be, and hereby is, authorized, empowered, and directed, on behalf of and in the name of each Entity, to (a) take actions and negotiate and, subject to Bankruptcy Court approval as required, to execute, deliver, perform, and cause the performance of any agreements (including asset purchase agreements), certificates, instruments, receipts, petitions, motions, or other papers or documents in furtherance of, and necessary to effectuate, any Potential Sale Transaction to which any Entity is or may become party and (b) request the Bankruptcy Court to approve any Potential Sale Transaction (including a sale of the Entities' assets to the highest or best bidder) and for any related relief.

## VII.   Amendment to Governing Documents

RESOLVED, that to the extent that any actions authorized by these resolutions would result in any Entity that serves as a member of any other Entity that is a limited liability company to cease to be a member of such other Entity under applicable law, the limited liability company agreement of such other Entity is hereby amended to provide that the filing of a voluntary petition in bankruptcy or the CCAA Proceedings or the other actions authorized under these resolutions shall not cause such member to cease to be a member of such other Entity, and in any such event, such other Entity shall continue without dissolution.

6

## VIII.   <u>General Authorization and Ratification</u>

RESOLVED, that each Authorized Person and the Foreign Representative shall be, and hereby are, authorized, empowered, and directed, on behalf of and in the name of the Entities (including, for the avoidance of doubt, Instant Brands Inc., in its capacity as Foreign Representative), to (a) do and perform all such acts and things and enter into, execute, acknowledge, deliver, and file all such certificates, agreements, acknowledgments, instruments, contracts, statements, and other documents and to take such further actions as such Authorized Person may deem necessary or appropriate to effect the intent and accomplish the purposes of the foregoing resolutions, the taking of such action or the execution and delivery thereof to be conclusive evidence of the approval thereof, (b) perform the obligations of the Entities (including, for the avoidance of doubt, Instant Brands Inc., in its capacity as Foreign Representative) under the Bankruptcy Code and the CCAA and exercise all rights of the Entities (including, for the avoidance of doubt, Instant Brands Inc., in its capacity as Foreign Representative) under the Bankruptcy Code (including all rights with respect to contracts, agreements, and leases under sections 365 of the Bankruptcy Code) and the CCAA, with all such actions to be performed in such manner, and all such certificates, instruments, guaranties, notices, and documents to be executed and delivered in such form, as the Authorized Person or the Foreign Representative performing or executing the same shall approve, the performance or execution thereof to be conclusive evidence of the approval thereof by such Authorized Person, the Foreign Representative, the Governing Bodies, and the Entities, and (c) pay fees and expenses in connection with the transactions contemplated by the foregoing resolutions;

RESOLVED, FURTHER, that the omission from this written consent of any (a) agreement, document, or other arrangement contemplated by any of the agreements, documents, or instruments described in the foregoing resolutions or (b) action to be taken in accordance with any requirement of any of the agreements or instruments described in the foregoing resolutions shall in no manner derogate from the authority of the Authorized Persons to take all actions necessary, desirable, advisable, or appropriate to consummate, effectuate, carry out, or further the transactions contemplated by, and the intent and purposes of, the foregoing resolutions;

RESOLVED, FURTHER, that, to the extent that any Authorized Person serves as the sole member, managing member, manager, general partner, partner, or other governing body (collectively, a "**Controlling Entity**"), in each case, of any direct or indirect subsidiary of any Entity (a "**Controlled Entity**"), each such Authorized Officer who may act without the joinder of any other Authorized Officer, be, and hereby is, authorized, empowered, and directed in the name and on behalf of such Controlling Entity (acting for such Controlled Entity in the capacity set forth above, as applicable), to (a) authorize such Controlled Entity to take any action that any Authorized Person is authorized to take hereunder and/or (b) take any action on behalf of such Controlled Entity that an Authorized Officer is herein authorized to take on behalf of such Controlling Entity (including execution and delivery of any authorizing resolutions);

RESOLVED, FURTHER, that the Governing Bodies have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Entities, or hereby waive any right to have received such notice;

RESOLVED, FURTHER, that any and all actions taken by any officer or director of or advisor to an Entity prior to the date of adoption of the foregoing resolutions, which would have been authorized by the foregoing resolutions but for the fact that such actions were taken prior to such date, be, and each hereby is, ratified, approved, confirmed, and adopted as a duly authorized act of the Entities in all respects and for all purposes; and

RESOLVED, FURTHER, that this consent may be executed in one or more counterparts, and delivered by electronic means, each of which, when so executed, shall be treated in all manner and respects and for all purposes as one and the same original, written consent, and shall be considered to have the same binding legal effect as if it were an original manually signed counterpart hereof delivered in person.

[*Signature Pages Follow*]

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands (Texas) Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands (Texas) Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
    Name: Henry Cornell
    Title: Director

By: _____
    Name: Rodrigo Bravo
    Title: Director

By: _____
    Name: Justine Cheng
    Title: Director

By: _____
    Name: John Dubel
    Title: Director

By: _____
    Name: Benoit J. Gadbois
    Title: Director

By: _____
    Name: Lawrence McRae
    Title: Director

By: _____
    Name: Yi Qin
    Title: Director

By: _____
    Name: Robert Wang
    Title: Director

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By:  _____
      Name: Henry Cornell
      Title: Director

By:  _____
      Name: Rodrigo Bravo
      Title: Director

By:  _____
      Name: Justine Cheng
      Title: Director

By:  _____
      Name: John Dubel
      Title: Director

By:  _____
      Name: Benoit J. Gadbois
      Title: Director

By:  _____
      Name: Lawrence McRae
      Title: Director

By:  _____
      Name: Yi Qin
      Title: Director

By:  _____
      Name: Robert Wang
      Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands Acquisition Holdings Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
      Name: Henry Cornell
      Title: Director

By: _____
      Name: Rodrigo Bravo
      Title: Director

By: _____
      Name: Justine Cheng
      Title: Director

By: _____
      Name: John Dubel
      Title: Director

By: _____
      Name: Benoit J. Gadbois
      Title: Director

By: _____
      Name: Lawrence McRae
      Title: Director

By: _____
      Name: Yi Qin
      Title: Director

By: _____
      Name: Robert Wang
      Title: Director

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
    Name: Henry Cornell
    Title: Director

By: _____
    Name: Rodrigo Bravo
    Title: Director

By: _____
    Name: Justine Cheng
    Title: Director

By: _____
    Name: John Dubel
    Title: Director

By: _____
    Name: Benoit J. Gadbois
    Title: Director

By: _____
    Name: Lawrence McRae
    Title: Director

By: _____
    Name: Yi Qin
    Title: Director

By: _____
    Name: Robert Wang
    Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands Acquisition Holdings Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
    Name: Henry Cornell
    Title: Director

By: _____
    Name: Rodrigo Bravo
    Title: Director

By: _____
    Name: Justine Cheng
    Title: Director

By: _____
    Name: John Dubel
    Title: Director

By: _____
    Name: Benoit J. Gadbois
    Title: Director

By: _____
    Name: Lawrence McRae
    Title: Director

By: _____
    Name: Yi Qin
    Title: Director

By: _____
    Name: Robert Wang
    Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands Acquisition Holdings Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Acquisition Intermediate Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands Acquisition Intermediate Holdings Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Holdings Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Instant Brands Holdings Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of EKCO Housewares, Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(EKCO Housewares, Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of EKCO Manufacturing of Ohio, Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
    Name: William M. Hess
    Title: Director

By: _____
    Name: Catherine R. Landman
    Title: Director

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(EKCO Manufacturing of Ohio, Inc.)

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Corelle Brands (Canada) Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

By: _____
Name: Winnie Luo
Title: Director

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands (Canada) Holding Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

By: _____
Name: Winnie Luo
Title: Director

IN WITNESS WHEREOF, the undersigned, constituting the board of directors of Instant Brands Inc., has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: William M. Hess
Title: Director

By: _____
Name: Catherine R. Landman
Title: Director

By: _____
Name: Winnie Luo
Title: Director

IN WITNESS WHEREOF, the undersigned, in its capacity as sole member of each of the Entities listed below, has executed this written consent as of the date first set forth above.

Instant Brands Holdings Inc., a Delaware corporation, as sole member of URS-1 (Charleroi) LLC; Instant Brands LLC; EKCO Group, LLC; and Corelle Brands (GHC) LLC

By: _____

       Name: Catherine R. Landman
       Title: Secretary

IN WITNESS WHEREOF, the undersigned, in its capacity as sole member of URS-2 (Corning) LLC, has executed this written consent as of the date first set forth above.

Instant Brands LLC, a Delaware corporation, as sole
member of URS-2 (Corning) LLC

By: _____
      Name: Catherine R. Landman
      Title: Secretary

IN WITNESS WHEREOF, the undersigned, constituting the sole manager of Corelle Brands (Latin America) LLC, has caused this written consent to be executed as of the date first set forth above.

By: _____
Name: Catherine R. Landman
Title: Manager

Signature Page – Omnibus Consent – Chapter 11/CCAA Filing
(Corelle Brands (Latin America) LLC)

**Exhibit A**

**List of Entities**

1.  Instant Brands (Texas) Inc.
2.  Instant Brands Acquisition Holdings Inc.
3.  Instant Brands Acquisition Intermediate Holdings Inc.
4.  Instant Brands Holdings Inc.
5.  URS-1 (Charleroi) LLC
6.  Instant Brands LLC
7.  URS-2 (Corning) LLC
8.  Corelle Brands (Latin America) LLC
9.  EKCO Group, LLC
10. EKCO Housewares, Inc.
11. EKCO Manufacturing of Ohio, Inc.
12. Corelle Brands (Canada) Inc.
13. Instant Brands (Canada) Holding Inc.
14. Instant Brands Inc.
15. Corelle Brands (GHC) LLC

Debtor  Instant Brands Acquisition Holdings Inc., et al.,                                    Case number (if known) _____

Fill in this information to identify the case:

Debtor name:  Instant Brands Acquisition Holdings Inc., et al.,

United States Bankruptcy Court for the:  Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

## Official Form 204

## Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders
12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | ZHEJIANG TIANXI KITCHEN APPLIANCE C NO.8 SHANYAN ROAD LISHUI, 130  321404 CN | Xiyan Chen, CEO e: chenxiyan@tianxi.com | Trade Supplier | | $0 | $0 | $16,290,623 |
| 2 | MIDEA ELECTRIC TRADING (SINGAPORE) 158 CECIL ST NO. 07-01/02 Singapore  69545 SG | David Xu, President of Midea SDA Division p: +86 0757-23601086 e: xuminfeng@midea.com | Trade Supplier | | $0 | $0 | $16,106,312 |
| 3 | ZHEJIANG AISHIDA HOUSEHOLD EQUIPMEN NO.69 HUANGHE ROAD JIASHAN, 130  314100 CN | Chen Helin, Chairman of the Board e: zjasd@asd.com.cn | Trade Supplier | | $0 | $0 | $3,551,375 |
| 4 | MATRIX ANTRIM PARTNERS, LP CN 4000 FORSGATE DRIVE CRANBURY, NJ  08512 | Gary Hans, Senior Vice President, Matrix Development Group p: 732-521-2900 e: ghans@matrixcompanies.com | Landlord | | $0 | $0 | $1,207,304 |
| 5 | CROWELL & MORING LLP 1001 Pennsylvania Avenue NW Washington, DC  20004 | William Frankel, Partner p: 312-321-7736 e: wfrankel@crowell.com | Professional Services | | $0 | $0 | $1,166,465 |
| 6 | TOPIM INTELLIGENT MANUFACTURING Topim Intelligent Manufacturing, In Foshan, 190  528247 CN | Lingan Liu, Chairman of Board p: 86-13907319392 e: LLA9392@163.com | Trade Supplier | | $0 | $0 | $1,092,091 |
| 7 | CRITEO CORP 387 Park Avenue South New York, NY  10016 | Sarah Glickman, CFO p: 33 1 40 40 22 90 | Operational Vendor | | $0 | $0 | $905,245 |
| 8 | NINGBO CARELINE ELECTRIC APPL CO. No.888 Wei'yi Road Ningbo, 130  315327 | Seven Chang, CEO p: +86 574 63406088 e: sevenchang@chinachicheng.com | Trade Supplier | | $0 | $0 | $813,763 |
| 9 | UNITED PARCEL SERVICE 55 GLENLAKE PARKWAY NE ATLANTA, GA  30328 | Brian Newman, EVP & CFO p: 404-828-6000 | Freight | | $0 | $0 | $802,274 |
| 10 | PACKAGING CORPORATION OF AMERICA 1 North Field Court Lake Forest, IL  60045 | Robert Mundy, EVP & CFO p: 847-482-3000 | Trade Supplier | | $0 | $0 | $765,167 |
| 11 | ARC INTERNATIONAL 601 S WADE BOULEVARD MILLVILLE, NJ  08332-5001 | Eric Trupin, CFO & CIO p: +33 3 2122 7410 e: eric.trupin@arc-intl.com | Trade Supplier | | $0 | $0 | $696,772 |
| 12 | AEROTEK COMMERCIAL STAFFING 1603 Orchard Drive Chambersburg, PA  17201 | Stacey Jenkins, CFO p: 410-567-8086 | Operational Vendor | | $0 | $0 | $691,032 |
| 13 | THE NPD GROUP, INC. PO BOX 5534 24619 Network Place Chicago, IL  60673-1246 | Susan Bennett, Chief Legal Officer p: 516-625-0700 | Operational Vendor | | $0 | $0 | $600,000 |
| 14 | TMF PLASTIC SOLUTIONS, LLC 12127B Galena Road Plano, IL  60545 | Greg Kuppler, CEO & President p: 630-552-7575 e: tmf_polymers@msn.com | Trade Supplier | | $0 | $0 | $577,949 |
| 15 | ADAPTICS LTD The Priory, John Street West DUBLIN  8 IE | Ben Harris, CEO p: +353 1 548 1112 | Operational Vendor | | $0 | $0 | $565,055 |
| 16 | Zhong Shan Rnice Electronics Co., L No. 17 Tongji West Road, Nantou Tow Zhong Shan, 190  528427 CN | Zhongyin Tong, General Manager p: +86 13923238331 e: tongzhongyin@yalesi.net | Trade Supplier | | $0 | $0 | $549,461 |
| 17 | Sanlida Electrical Technology Co.,L 101, building a, 27 Jiangjunmao com Shenzhen, 190  518116 CN | Chung Li, CEO p: +86 13823232503 e: lichuang@sanlidaco.com | Trade Supplier | | $0 | $0 | $500,142 |
| 18 | ELIJAH LTD. 205 W WACKER DR., STE 1950 CHICAGO, IL  60606 | Andy Reisman e: andy.reisman@elijaht.com | Professional Services | | $0 | $0 | $491,503 |
| 19 | STOBBS IP LIMITED Building 1000, Cambridge Research P Cambridge  CB25 9PD GB | Julius Stobbs p: +01223 435240 e: juliusstobbs@iamstobbs.com | Professional Services | | $0 | $0 | $456,339 |

Debtor   Instant Brands Acquisition Holdings Inc., et al.,                                                                                                    Case number (if known)

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 20 BONUSGO INTERNATIONAL LIMITED<br>No118 Taodu Road<br>Yixing City, 100  214205<br>CN | David Chen, CEO<br>p: 18626083822<br>e: david@taiyigroup.com | Trade Supplier | | $0 | $0 | $452,391 |
| 21 SOMOBRESLE<br>Zone Industrielle<br>BLANGY SUR BRESLE, 76  76340<br>FR | Stephane Franconville<br>e: stephane.franconville@gmail.com | Operational Vendor | | $0 | $0 | $441,875 |
| 22 HEALTHLEAD CORPORATION LIMITED<br>BUILDING 1, YONGXIN INDUSTRY ZONE,<br>Shenzhen, 190  518115<br>CN | Tim Chen, CEO<br>p: +0755-84267250<br>e: tim@healthlead.com.cn | Trade Supplier | | $0 | $0 | $438,573 |
| 23 FOSHAN CITY SHUNDE DISTRICT DONLIM<br>NO.26 Shunye East Road<br>Foshan, 190  528325<br>CN | Yanbioa Jiang, CFO<br>p: +86 757 35333888 | Trade Supplier | | $0 | $0 | $429,440 |
| 24 SALESFORCE.COM, INC.<br>415 Mission Street, 3rd Floor<br>San Francisco, CA  94105 | Todd Machtmes, General Counsel<br>p: 800-664-9073 | Operational Vendor | | $0 | $0 | $422,800 |
| 25 JONES LANG LASALLE BROKERAGE, INC.<br>200 E. Randolph Street, Suite 4300<br>Chicago, IL  60601 | Karen Brennan, CFO<br>p: 312-782-5800 | Landlord | | $0 | $0 | $419,117 |
| 26 BAZAARVOICE INC.<br>10901 Stonelake Blvd<br>Austin, TX  78759 | Ken Hashman, CFO<br>p: 512-551-6000 | Operational Vendor | | $0 | $0 | $418,507 |
| 27 ANCHOR HOCKING<br>519 PIERCE STREET<br>LANCASTER, OH  43130 | Jamie Keller, CFO<br>p: 614-633-4130<br>e: jamie.keller@anchorhocking.com | Trade Supplier | | $0 | $0 | $417,273 |
| 28 APPLIED INDUSTRIAL TECHNOLOGIES<br>1 Applied Plaza<br>Cleveland, OH  44115 | Jon S. Ploetz, General Counsel<br>p: 614-846-8159 | Operational Vendor | | $0 | $0 | $374,467 |
| 29 HENRY DESJONQUERES INDUSTRIES<br>ROUTE D'EU - 76 340<br>BLANGY SUR BRESLE<br>FR | Sylvai Pelletier, CEO<br>p: +33 682 669 487<br>e: sylvain.pelletier@h-d-industries.com | Operational Vendor | | $0 | $0 | $371,132 |
| 30 SHANDONG LINUO TECHNICAL GLASS CO L<br>YU HUANG-MIAO, SHANGHE COUNTY<br>SHANDONG  251604<br>CN | Yang Zhongchen, Vice Chairman/President<br>p: 86 0531-88729999<br>e: linuo@linuo.com | Trade Supplier | | $0 | $0 | $370,920 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | § | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **INSTANT BRANDS ACQUISITION** | § | **Case No. 23-[_____] (___)** |
| **HOLDINGS INC.,** *et al.*, | § | |
| | § | |
| **Debtors.** | § | **(Joint Administration Requested)** |
| | § | |

**CONSOLIDATED CORPORATE OWNERSHIP
STATEMENT AND LIST OF EQUITY INTEREST HOLDERS
PURSUANT TO FED. BANKR. P. 1007(A)(1), 1007(A)(3), AND 7007.1**

Pursuant to rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and to enable the Judges to evaluate possible disqualification or recusal, attached hereto as **Exhibit A** is a corporate structure chart (the "**Corporate Structure Chart**") reflecting the ownership interests of Instant Brands Acquisition Holdings Inc. and certain of its affiliates (collectively, the "**Debtors**"), each of which is a debtor and debtor in possession in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). The Debtors respectfully represent, as of the date hereof, the following:

1.      Each of the Debtors[1] identified on the Corporate Structure Chart, other than Instant Brands Acquisition Holdings Inc. ("**Holdings**"), is owned in its entirety by its direct parent.[2]

2.      Instant Brands Acquisition Holdings Inc. is the ultimate parent of each of the Debtors. Its equity securities are privately held and a list of the issued and outstanding common stock, prepared in accordance with Bankruptcy Rule 1007(a)(3), is attached hereto as **Exhibit B**.

3.      Other than as set forth in the exhibits hereto, each of which is incorporated herein by reference, no other corporation (as such term is defined in section 101(9) of title 11 of the United States Code), public or private, owns 10% or more of any class of a Debtor's common equity interests.

---

[1]  The address of the Debtors' place of business is 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2]  This assumes the exchange of all exchangeable common equity shares into common shares in Holdings.

## Exhibit A

### Corporate Structure Chart



## Exhibit B

### List of Holders of Instant Brands Acquisition Holdings Inc.'s Issued and Outstanding Common Stock

| Name and Address of Holder[1] | Percentage[2] |
|---|---|
| CC WK Co-Invest LP | 70.75% |
| Agate Informatics Corp. | 15.40% |
| 4060288 Canada Inc. | 5.14% |
| 7326998 Canada Inc. | 5.14% |
| Current and former employees, directors, and/or officers of the Debtors | 3.57% |

[1] The address of CC WK Co-Invest LP is c/o Cornell Capital Partners LP, 499 Park Avenue, 21st Floor, New York, NY 10022.  The address for all other holders is c/o Instant Brands Acquisition Holdings Inc., 3025 Highland Parkway, Suite 700, Downers Grove, IL 60515.

[2] Equity security holdings amounts are rounded to the nearest hundredth percent.  The figures shown here assume the exchange of all exchangeable common equity shares into common shares in Holdings.

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (*If known*):   _____

## Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors         12/15

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

- ☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

- ☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

- ☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

- ☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

- ☐ *Schedule H: Codebtors* (Official Form 206H)

- ☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

- ☐ Amended *Schedule* _____

- ☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

- ☐ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          ✘ _____
MM / DD / YYYY                              Signature of individual signing on behalf of debtor

_____
Printed name

_____
Position or relationship to debtor